IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VIRGIL BRADFORD,

    Plaintiff,

    v.                                                      CASE NO. 18-3163-SAC

DAN SCHNURR, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983, alleging he was denied proper medical care while incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. The Court granted Plaintiff leave to appear in forma pauperis. The Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff the opportunity to show good cause why his Complaint should not be dismissed due to the deficiencies set forth in the MOSC, or to file an amended complaint to cure those deficiencies. This matter is before the Court for screening of Plaintiff's Amended Complaint (Doc. 5). The Court set forth the screening standards in the MOSC.

The Court found in the MOSC that Plaintiff's allegations do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper course of treatment. *See Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (noting that plaintiff's allegations indicate not a lack of medical treatment, but a disagreement with the doctor's medical judgment in treating a condition with a certain medication rather than others). The Court found that Plaintiff's allegations of denial of medical care were subject to dismissal for failure to state a claim. The Court found that: Plaintiff's allegations indicate that he has been furnished medical

care during the relevant time frame; that his claims amount to a difference of opinion with the treatments he has been provided by medical staff; the allegations are nothing more than a lay person's disagreement with the medical treatment of his symptoms by medical professionals; and the allegations do not rise to the level of a claim of cruel and unusual punishment under the Eighth Amendment, and are, at most, grounds for a negligence or malpractice claim in state court.

Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC. Plaintiff alleges that on March 28, 2017, he was in the Central Unit Gym playing ping-pong when he slipped in a puddle of water and fell into another inmate causing that inmate to fall on top of Plaintiff. Plaintiff tried to continue his game, but sharp and throbbing pain started shooting through his left shoulder. Plaintiff went to the Officer's desk and asked Officer Foster to call the clinic. Officer Foster refused, stating that he would not call the clinic because Plaintiff "was not going to sue" and that Plaintiff knew the water was on the floor. There was no "wet floor sign" indicating where the water was located. Plaintiff alleges that Officer Foster's "negligent behavior [in] refusing to call medical left the medical staff with the impression that [he] wasn't injured badly." (Doc. 5, at 3.) Plaintiff alleges that he had to make five "sick calls" before he received surgery for his shoulder on December 27, 2017. Plaintiff alleges that the delay in receiving his surgery violated his Eighth Amendment rights.

Plaintiff acknowledges that he filled out a sick call on March 28, 2017, and was seen by medical staff on March 29, 2017, and given ibuprofen for pain. Plaintiff filled out another sick call on March 31, 2017, and was seen by medical staff on April 1, 2017. He filled out another sick call on April 1, 2017, asking for an MRI, and another on April 9, 2017, and was seen by medical staff on April 10, 2017. From April 10, 2017, to May 9, 2017, Plaintiff "was doing as

directed by the clinic staff" and he informed them that he did not want anymore shots in his shoulder. *Id*. at 6.[1]

The Court finds that Plaintiff's Amended Complaint fails to state a claim for the reasons set forth in the Court's MOSC. The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

A mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106–07; *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983).

Delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). Plaintiff's allegations do not rise to the level of a claim of cruel and

---

[1] Plaintiff's original Complaint also states that Plaintiff received an x-ray of his shoulder, an MRI, and physical therapy. He was also seen by a specialist who stated that Plaintiff needed surgery, which he received two weeks later.

unusual punishment under the Eighth Amendment, and are, at most, grounds for a negligence or malpractice claim in state court.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 16th day of August, 2019.**


<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**